**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Drunvalo Melchizedek, | No. CV 09-1815-PHX-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Ronald L. Holt; Lyssa Royal Holt; Flower of Life Research, LLC, a Nevada corporation, | |
| Defendants. | |

     Pending before the Court is Defendants Ronald L. Holt, Lyssa Royal Holt, and Flower of Life Research, LLC's ("FOLR") Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. # 17). For the reasons that follow, the Court grants Defendants' motion.

**I.    Background**

     Plaintiff is an author and speaker on a particular form of meditation. From 1993 to 2000, Plaintiff authored several works pertaining to this form of meditation. Plaintiff alleges that the holding trusts Clear Light Trust and Pure Heart Trust (collectively "the holding trusts") own the federally registered copyrights to these works. In 1995, Plaintiff created Flower of Life Research, Inc., and served as its president. The holding trusts licensed Flower of Life Research, Inc. to use the copyrighted materials through December 1998. In approximately 1996, Plaintiff was replaced by Defendant Holt as president of Flower of Life Research, Inc., and Flower of Life Research, Inc. was changed to the limited liability company FOLR.

1    In 2001, Defendants Holt and FOLR were granted a license to use Plaintiff's
2 copyrighted Flower of Life 2000 Plus. This license was set to expire in February 2013. The
3 license restricted Defendant Holt to teaching Plaintiff's copyrighted materials to only FOLR
4 facilitators. Further, Plaintiff alleges that the license required Defendant Holt to attribute the
5 copyrighted materials to Plaintiff, and it restricted Defendant Holt from modifying Plaintiff's
6 copyrighted work without first obtaining Plaintiff's authorization. Plaintiff alleges that
7 Defendants created and copyrighted a number of manuals, including one titled "Seed of
8 Life,"without Plaintiff's authorization or knowledge. Plaintiff alleges that these materials
9 are unauthorized derivative works.

10    When Plaintiff discovered Defendants using the allegedly unauthorized derivative
11 works, Plaintiff sent to Defendants a notice terminating the licensing agreement. In
12 September 2006, Defendants filed suit in state court asserting various claims including
13 breach of contract. Plaintiff filed counter-claims alleging breach of contract, injunctive
14 relief, and a declaratory judgment concerning the ownership of the above materials. In
15 September 2009, the parties agreed to arbitrate all of their claims in the state court action,
16 with the sole exception being the proper ownership of the copyrights of the above materials.
17 The parties agreed that the arbitrator's decision would be binding and non-appealable.

18    The arbitrator found that Plaintiff breached the licensing agreement because Plaintiff's
19 stated reasons for terminating the license did not constitute material breaches such that
20 Plaintiff was entitled to terminate the agreement. The arbitrator found that Defendants were
21 entitled to an award of general damages based upon the torts of breach of good faith and fair
22 dealing and tortious interference with contract.

23    In August 2009, Plaintiff filed the present action alleging copyright infringement and
24 breach of contract. Defendants now seek to have Plaintiff's breach of contract claim
25 dismissed.

26 **II.   Analysis**

27    To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet
28 the requirements of Rule 8(a)(2). Rule 8(a)(2) requires a "short and plain statement of the

claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the facts alleged in the complaint in the light most favorable to the drafter of the complaint and the Court must accept all well-pleaded factual allegations as true. *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). Nonetheless, the Court does not have to accept as true a legal conclusion couched as a factual allegation. *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

Defendants argue that Plaintiff's breach of contract claim is barred by the doctrine of claim preclusion. The arbitrator's award was entered as a judgment in Gila County Superior Court. Congress, through the Full Faith and Credit Act, 28 U.S.C. § 1738, requires this Court to give the same preclusive effect to a state court judgment as a court within that state would give. *Int'l Evangelical Church of the Soldiers of the Cross of Christ v. Church of the Soldiers of Christ,* 54 F.3d 587, 590 (9th Cir. 1995). Hence, the Court must look to Arizona law to determine whether Plaintiff's breach of contract claim is precluded.

"Under the doctrine of claim preclusion, a final judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same claim." *Dressler v. Morrison*, 130 P.3d 978, 981 (Ariz. 2006). Hence, in order for claim preclusion to apply, there must be a: 1) final judgment on the merits; 2) common identity of parties; 3) common subject matter; and 4) common cause of action  *Id. See also Matusik v. Arizona Pub. Serv. Co.*, 684 P.2d 882, 884 (Ariz. Ct. App. 1984). Claim preclusion binds the parties in subsequent litigation as to "every issue decided in the prior action as well as on every issue that could have been decided." *Norriega v. Machado,* 878 P.2d 1386, 1389 (Ariz. Ct. App. 1994). Claim preclusion applies even in cases, such as here, where the final judgment in the first action is entered after the second action is filed. *Murphy v. Bd. of Med. Exam'rs,* 949 P.2d 530, 538 (Ariz. Ct. App.1997).

In this case, there is no real dispute that there has been a final judgment on the merits, nor is there a dispute concerning the presence of a common identity of parties and subject

matter. Whether claim preclusion bars Plaintiff's breach of contract claim, then, hinges upon resolution of the fourth element articulated above: whether there is a common identity of the cause of action.

"Of the various tests commonly employed to determine whether a single 'cause of action' is presented in two lawsuits, Arizona has chosen one which focuses on whether proof of the claims in the two cases depends upon the same evidentiary facts. *Ross v. Int'l Bhd. of Elec. Workers*, 634 F.2d 453, 458 (9th Cir. 1980) (citation omitted). This same evidence test looks to "whether proof of additional facts will be required with reference to the second cause of action when comparing the facts required to sustain the complaint in the earlier action." *Windauer v. O'Connor*, 477 P.2d 561, 565 (1970), *vacated on other grounds by* 485 P.2d 1157 (1971). Such facts may be gleaned from evidence in the two cases as well as from the pleadings. *Pierpont v. Hydro Mfg. Co.,* 526 P.2d 776, 778 (Ariz. Ct. App.1974). Thus, Plaintiff's breach of contract claim is precluded only if no additional evidence is needed to prevail on this claim beyond what was adduced by Plaintiff in support of his breach of contract claim in the arbitration proceedings.[1]

There is no question that Plaintiff urged a breach of contract claim in his counter-claim in state court. Plaintiff, however, argues that his present breach of contract claim is not precluded because it pertains to the work Seed of Life created by Defendants in violation of the license; whereas his state breach of contract claim pertained to the work of Octahedron Mediation created by Defendants in violation of the license. Even assuming Plaintiff's

---

[1] The Court expressly notes that a review of the arbitration award and the evidence submitted in the arbitration proceedings, all of which were attached as exhibits to the parties moving papers, does not convert the motion to dismiss into a motion for summary judgment, as the authenticity of the arbitration award and the evidence submitted in the arbitration proceedings cannot be reasonably questioned. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996). Moreover, review of the evidence submitted in the arbitration proceedings is required in order for this Court to determine whether claim preclusion applies. Both parties have had the opportunity to discuss the exhibits, and neither party has raised any concerns regarding the opposing party's exhibits, nor with the Court reviewing the evidence submitted in the arbitration proceedings.

distinction is accurate, in reviewing the evidence submitted in the arbitration proceedings, the Court finds that Plaintiff's claim is precluded.

Both breach of contract claims revolve around the same licensing agreement. Both claims also involve the same alleged copyrighted works that form the basis of the licensing agreements. Both claims revolve around the same evidentiary facts; namely, that Defendants breached the licensing agreement by creating derivative works without permission and without giving proper attribution to Plaintiff. Although Plaintiff attempts to focus this Court's attention on the Octahedron Mediation work as being the sole claim for breach of contract in the state court action, at their core, both claims are legally identical for claim preclusion purposes.

Plaintiff has failed to show that any additional evidence is actually required to satisfy the elements of his present breach of contract claim. Plaintiff has not brought any additional facts to the Court's attention that differentiate Plaintiff's current claim from the claim previously adjudicated in arbitration. In fact, Plaintiff has not pointed to any evidence supporting his current breach of contract claim that was not previously introduced at arbitration in support of his then breach of contract claim. Rather, it appears that any evidence needed to prove Plaintiff's breach of contract claim in the present action was in fact entered as evidence in the arbitration proceedings. In Plaintiff's pre-arbitration statement, Plaintiff makes repeated reference to the Seed of Life materials as being a basis for breach of the parties agreement. Moreover, Plaintiff urged the Seed of Life materials to be admitted as exhibits in the arbitration proceedings, which were in fact included as exhibits. It is clear under the same evidence test, that Plaintiff's current breach of contract claim is precluded.

Plaintiff further argues that the arbitrator never decided his breach of contract claims. However, in his award, the arbitrator, after considering Plaintiff's submitted breach of contract claim in addition to the other submitted claims, found that Plaintiff's unilateral termination of the parties agreement was a breach of the agreement. Plaintiff was also seeking damages with respect to his breach of contract claim. However, the arbitrator found that Plaintiff failed to provide sufficient evidence of such damages.

In any event, even if the arbitrator wrongfully omitted to consider Plaintiff's breach of contract claim, as Plaintiff recognizes, the parties agreed that the arbitrator's decision would be binding and non-appealable. Plaintiff submitted his counter-claim for breach of contract to the arbitrator, yet the arbitrator did not make an award on Plaintiff's counter-claim. Dissatisfaction with the arbitrator's award is inherent in the risk Plaintiff took in agreeing to make the arbitrator's award binding and non-appealable.

The Court's conclusion is further supported by the fact that claim preclusion applies to every issue that could have been decided. *Norriega,* 878 P.2d at 1389. By submitting his breach of contract claim before the arbitrator, Plaintiff submitted a claim that could have been decided within the meaning of the *Norriega* rule. Plaintiff cannot re-litigate his claim for breach of contract when an identical claim was litigated and submitted before the arbitrator.

**III. Conclusion**

The Court finds that claim preclusion applies to Plaintiff's breach of contract claim, as there has been a final judgment on the merits, and the identity of parties, subject matter, and cause of action are all common within the meaning of the claim preclusion doctrine.

Accordingly,

**IT IS ORDERED** that Defendants Ronald L. Holt, Lyssa Royal Holt, and Flower of Life Research, LLC's Motion to Dismiss Count II of Plaintiff's First Amended Complaint (Doc. # 17) is granted.

DATED this 18th day of May, 2010.

James A. Teilborg
United States District Judge